# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VICTORIA JONES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| BIRMINGHAM GASTROENTEROLOGY ASSOCIATES, P.C., | ) ) ) |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from gender discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq*. The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Victoria Jones ("Plaintiff") timely filed a discrimination charge against defendant Birmingham Gastroenterology Associates, P.C. ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4. Defendant is a professional corporation located in Jefferson County, Alabama and is and was at all times relevant to this complaint an employer as contemplated under Title VII.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. Defendant is a medical practice.

7. Plaintiff is female.

8. In or about September of 2014, Plaintiff became employed by Defendant as a Clinical Medical Assistant.

9. Plaintiff's supervisor was Sandra Jaffe, Clinical Manager.

10. In late June of 2016, Plaintiff learned that she is pregnant.

11. Plaintiff shared the news with people at work.

12. Afterward, Jaffe regularly made comments about Plaintiff being pregnant and her size.

13. Jaffe also expressed issues with Plaintiff taking off work for pre-natal doctor's visits.

14. When Plaintiff would put in to be off work for such a visit, Jaffe would look at Plaintiff and say, "Again!?"

15. On or about November 14, 2016, Plaintiff came back from lunch and was talking to LaCara Spencer, another Clinical Medical Assistant.

16. Spencer and Plaintiff were friends and joked around.

Plaintiff took some paper clips and hung them in Spencer's hair, like decorations.

17. Plaintiff made a brief video, captioned it "WHEN YOUR HAIR IS ON POINT FOR THE DAY," and posted it on Snapchat.

18. Spencer and Plaintiff found the video humorous.

19. On or about November 15, 2016, Plaintiff was terminated by Jaffe and Dean Andrews, Health Information Manager.

20. Jaffe said that the reason was the video referenced above.

21. Jaffe said that the video showed an Electronic Health Record of a patient on a monitor in the background and that Spencer was talking on the phone to a patient when Plaintiff made the video.

22. Jaffe said that these were HIPAA violations.

23. Plaintiff asked to see the video, and Jaffe said that they did not have it.

24. Jaffe's claim of HIPAA violations was false and pretextual.

25. Other employees made videos at work, including some showing patients, and put them on Snapchat and Facebook.

26. Nothing was done to them.

27. Plaintiff had no prior disciplinary actions.

### IV.  CAUSES OF ACTION

### COUNT I

### TERMINATION- TITLE VII

28. Paragraphs 1-27 above are incorporated by reference.

29. Defendant discriminated against Plaintiff based on her gender by terminating her employment because of her pregnancy.

30. Defendant's termination of Plaintiff violated her rights under Title VII.

31. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of Defendant's violation of Plaintiff's rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

        Respectfully submitted,

        s/ Adam M. Porter
        Adam M. Porter
        Attorney for Plaintiff
        Adam M. Porter, LLC
        Alabama Bar ID: ASB-2472-P75A
        2301 Morris Avenue, Suite 102
        Birmingham, Alabama 35203
        Phone: (205) 322-8999
        Facsimile: (205) 402-4619
        Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

        s/ Adam M. Porter
        Attorney for Plaintiff

Defendant's Address:
Birmingham Gastroenterology Associates, P.C.
c/o Leonard Ou Tim, Registered Agent
2621 19th St. South
Birmingham, AL 35209-1913